■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY WILLIAMS, Appellant. [696 NYS2d 816] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on or about March 26, 1997, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.

■ In the Matter of SALVADOR O., a Person Alleged to be a Juvenile Delinquent, Appellant. [696 NYS2d 818] —Order of disposition, Family Court, Bronx County (John Hunt, J.), entered on or about October 21, 1998, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and placed him on probation for a period of 1 year, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the court's determinations concerning identification, credibility, and the significance to be afforded the nonrecovery of physical evidence from appellant's person. There was ample evidence supporting the reasonable inference that appellant sold the drugs recovered from the apprehended buyer. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.